### Silas Chesman *v.* Gorham Lane.

The defendant filed a plea in offset to the plaintiff's demand, but, at the first trial, submitted no proof in support thereof, and the plaintiff recovered a judgment for his whole claim.  The defendant then, by leave of court, filed an additional plea in offset, ·founded upon the same subject matter, and, at a subsequent term, introduced evidence, and so far sustained his offset, that the plaintiff recovered judgment for but a part of his claim ; and it was held that the plaintiff was not entitled to a review.

Assumpsit on a promissory note for $548,90.  The defendant pleaded the statute of limitations and a plea in offset.   The plaintiff replied a new promise to the plea of the statute, and the statute of limitations to the plea in offset, and the respective issues were joined.

At the first trial there was no evidence offered in support of the plea in offset, and on that branch of the case there was no hearing. The plaintiff recovered judgment for the amount of the note and interest.   The defendant entered a review.   Subsequently to that trial, the defendant, by leave of the court, filed an additional plea in offset.

At the second trial there was a full hearing upon all the issues, and the plaintiff recovered judgment for but $243,44.   Whereupon the plaintiff moved for a review of the case.   The motion was overruled, and the plaintiff excepted.

*W. Heywood, Jr.,* for plaintiff.

The review prayed for by the plaintiff should have been allowed. *Hall* v. *Wolcott,* 10 Mass. 218; *Rice* v. *Townsend,* 14 Ib. 366; *Bloss* v. *Kittridge,* 4 Vt. 273 ; *Baker* v. *Blodgett,* 1 Aik. 342.

As to the construction of statutes, it is said, in *The People* v. *Utica Ins. Co.,* 15 Johns. 358, that "A thing within the inten-' tion is as much within the statute, as if it were within the letter ; ' and a thing within the letter, if contrary to the intention, is not ' within the statute."   And see *Griswold* v. *National Ins. Co.,* 3 Cow. 96.   *Holbrook* v. *Holbrook et al.,* 1 Pick. 248.

Chesman *v.* Lane.

*Young* for defendant.

. No review is allowed by statute in any case, where judgment shall have been rendered twice for the same party; Rev. St. 160, § 9. It is said, that, for the sure and true interpretation of statutes in general, be they penal or beneficial, restrictive or enlarging of the common law, four things are to be considered; 1, What was the common law before the making of the act; 2, What was the mischief and defect against which the common law did not provide; 3, What is the remedy; 4, The true reason of the remedy. 3 Co. Rep. 7.

At common law, there was no review of cases as matter of right, but it was within the discretion of the court, for sufficient reasons and causes assigned by the party. In England a new trial will not be granted, after a full trial by a competent jury, if no fresh light can be thrown in. *Camden* v. *Cowley*, 1 W. Bl. 418, [2 Har. Dig. 1522.] *Hankey* v. *Trotman*, 1 W. Bl. 1. *Farwell* v. *Chaffey*, 1 Burr. 54; Graham's Practice, 510—517. *Deacle* v. *Hancock*, 13 Price, 226,—M'Clel. 85,—cited 2 Har. Dig. 1526.

In this case, unless the plaintiff is entitled to a review on the statute, there is no pretence that he is entitled to a new trial. In the construction of a statute negative words will make a statute imperative. *Rex* v. *Leicester Justices*, 9 D. & R. 772,—7 B. & C. 12,—cited in 3 Har. Dig. 2056; Dwarris on Statutes, 715; 9 Law Library. The words of the statute are, "no review shall be allowed" in the several cases mentioned,—this being one. When a statute alters the common law, the meaning shall not be strained beyond the words, except in cases of public utility, when the end of the act appears to be larger than the enacting words. Dwarr. 697. Statutes in derogation of common right are to be construed strictly. Dwarr. 728. A statute which is to take away the common law ought never to have an equitable construction. Dwarr. 729.

The opinion of the court was delivered by

HEBARD, J. All the right that either party has to a review of the case is given him by statute, and of course must be limited and confined to such cases as the statute has enumerated. The

Chesman *v.* Lane.

statute, after making provision for the review, makes the exceptions in which it will not be granted, and among others is the following,— " When judgment shall have been rendered in any cause twice for the same party." Here were two judgments for the same party; but it is insisted that the *cause*, in which the last judgment was rendered, was different from the first. I am more willing to admit the *ingenuity* of the reasoning, than the *soundness* of it.

The *cause* must have been that in which the plaintiff's right to a judgment consisted; and it does not appear, nor is it pretended, that the plaintiff had any different cause of action at the last trial, than at the first. That the defendant had any different defence does not appear; it appears that he filed an additional plea in offset, but it does not appear that it was for any different or new matter,—and the presumption would be the other way.

That the defendant submitted no proof on the first trial, in support of his offset, could make no difference. He thereby deprived himself, equally with the plaintiff, of the advantage of two trials. That the defence consisted of an offset makes no difference. He might have had a defence consisting simply in proof, denying the plaintiff's cause of action, and, as a matter of policy, he might have withheld his proof until after the plaintiff had obtained one judgment. But our statute is *explicit* and *direct*, and so plain as hardly to admit of a construction.

The plaintiff has recovered two judgments. Whether justice was done by the last judgment, we have no means of knowing; and it is not a subject of inquiry by this court. We are always bound to presume, that, when the parties have had a fair and legal trial, justice has been done. At any rate, it has been the policy of the law to limit the number of trials in such a way as to prevent unreasonable delay in the termination of suits.

Judgment affirmed.